**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation established pursuant to 12 U.S.C. §§ 1716 *et seq.*, </br></br>  Plaintiff, </br></br> v. </br></br> KENNETH J. WISNIEWSKI, an individual, LILLIAN F. WISNIEWSKI, an individual, and EAGLE HOMES, LLC, an Illinois limited liability company, </br></br> Defendants. | Case No. 08-1976 </br></br> Honorable Charles R. Norgle </br></br> Magistrate Judge Sidney I. Schenkier |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR RULE 12(b)(1) MOTION TO DISMISS

### INTRODUCTION

Plaintiff Federal National Mortgage Association's ("Fannie Mae") Complaint alleges that this Court has diversity jurisdiction over this dispute under 28 U.S.C. § 1332(a)(1). (Compl. at ¶¶ 3-8.) But Fannie Mae fails to allege the jurisdictional facts on personal knowledge as required by this Court's precedent, and instead conclusorily alleges the citizenship of the parties "upon information and belief." (*Id.*) Plaintiff bears the burden of establishing this Court's subject matter jurisdiction and these allegations fail to meet that burden as a matter of law. Therefore, Fannie Mae's Complaint is subject to dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure because it fails to meet its burden of establishing this Court's subject matter jurisdiction.

## LEGAL STANDARDS

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that it has satisfied the jurisdictional requirements of the court. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). Federal courts are courts of limited jurisdiction that may only entertain cases where jurisdiction is authorized by the Constitution or by statute. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002) (affirming 12(b)(1) dismissal of complaint); *Transit Express, Inc. v. Ettiger*, 246 F.3d 1018, 1023 (7th Cir. 2001) (same). "[F]ederal courts cannot blindly accept a plaintiff's claim that jurisdiction exists." *Transit Express, Inc.*, 246 at 1023 (quotation omitted).

In order to have diversity jurisdiction under 28 U.S.C. § 1332(a)(1) a plaintiff must establish complete diversity and that the amount in controversy requirement is met. 28 U.S.C. § 1332(a)(1). If a plaintiff fails to meet that burden, subject matter jurisdiction is lacking, and the court must dismiss the complaint. Fed. R. Civ. P. 12(h)(3).

## ARGUMENT

I.  **Fannie Mae's Complaint Fails To Meet Its Burden Of Establishing Subject Matter Jurisdiction.**

Fannie Mae's Complaint seeks to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Compl. ¶¶ 3-8.) In order to establish such jurisdiction, Fannie Mae must demonstrate that there is complete diversity between itself and all defendants, and that more than $75,000 is in controversy exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Fannie Mae has failed to establish complete diversity.

Fannie Mae alleges that its headquarters and principal place of business is in the District of Columbia, which presumably is an attempt to allege that Fannie Mae is a citizen of the District of Columbia for jurisdictional purposes. (Compl. ¶ 3.) Fannie Mae also alleges "[u]pon

information and belief" that Defendants Kenneth and Lillian are citizens of Illinois. (Compl. ¶¶ 4-5.) As to Defendant Eagle, Fannie Mae alleges, also "[u]pon information and belief," that it is an Illinois limited liability company whose members are Illinois citizens. (Compl. ¶¶ 6-7.)[1]

These allegations fail to establish jurisdiction as a matter of law. As this Court has previously noted, "[a]llegations of jurisdiction based solely upon information and belief are insufficient to establish the diversity jurisdiction of the court." *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, 2004 U.S. Dist. LEXIS 21738 at *3 (N.D. Ill. Oct. 20, 2004) (Norgle, J.) (citing *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940)); *see also Hayes v. Bass Pro Outdoor World, LLC*, 2003 U.S. Dist. 1032 at *4-5 (N.D. Ill. Jan. 21, 2003) (finding jurisdiction was lacking and stating: "[a]llegations of citizenship that are made 'upon information and belief' are insufficient under Federal Rule of Civil Procedure 11.") (citations omitted); *Multi-M Int'l, Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992) (same, quotation omitted).

This is especially true in a situation where one of the parties is an "unconventional" one such as a limited liability company like Eagle. *Ferolie Corp.*, 2004 U.S. Dist. LEXIS 21738 at *3. In such circumstances a "jurisdictional warning flag should go up." *Id.* (quoting *Cosgrove*, 150 F.3d at 731). Here, Fannie Mae has simply alleged—again "[u]pon information and belief"—that Eagle is a limited liability company and that it has members who are Illinois citizens. (Compl. ¶¶ 6-7.) But as this Court has noted such allegations are "clearly insufficient," because they fail to demonstrate how many members there are, whether there are various layers of members, who the members are, and whether any of the members are separate business

---

[1] Defendants agree that it is the citizenship of the members of Eagle that would determine its citizenship. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is the citizenship of its members); *see also Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (holding that a limited liability company is a citizen "of every state of which any member is a citizen").

entities such as a corporation or partnership that would create additional citizenship questions. *Ferolie Corp.*, 2004 U.S. Dist. LEXIS 21738 at *4-5 (dismissing complaint pursuant to Rule 12(h)(3)). All of these questions must be answered in order for Fannie Mae to meet its burden of establishing subject matter jurisdiction based upon diversity of citizenship, and Fannie Mae's Complaint fails to answer any of them. *Id.*; *see also Systems America, Inc. v. Providential Bancorp, Ltd.*, 2005 U.S. Dist. LEXIS 17542, at *10-12 (N.D. Ill. Aug. 19, 2005) (noting that "[i]t is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action"; dismissing complaint, in part, because "Plaintiffs neither identify the members of these LLCs, nor particularize any citizenship allegations as to these members"); *Chen v. Mayflower Transit, Inc.*, 159 F. Supp. 2d 1103, 1106 n.1 (N.D. Ill. 2001) ("There is no allegation as to the citizenship of the members of the limited liability company, and therefore, diversity jurisdiction is not adequately established.").

       Accordingly, Fannie Mae has failed to meet its burden of establishing this Court's subject matter jurisdiction, which requires the dismissal of its Complaint. FED. R. CIV. P. 12(b)(1) and 12(h)(3).

WHEREFORE, Defendants Kenneth J. Wisniewski, Lillian F. Wisniewski, and Eagle Homes, LLC respectfully requests that this Court enter an order: dismissing Plaintiff Federal National Mortgage Association's Complaint for lack of subject matter jurisdiction; awarding Defendants their costs, including attorneys' fees, incurred in defending this action; and such further relief as it deems necessary and proper.

Dated:  May 30, 2008                                     Respectfully submitted,


                                                        /s/ Anthony T. Eliseuson
                                                        One of the attorneys for Defendants

Robert E. Richards (ARDC #6199138)
Anthony T. Eliseuson (ARDC #6277427)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (fax)
*Attorneys for Defendants Kenneth J. Wisniewski,
Lillian F. Wisniewski, and Eagle Homes, LLC*

5

## **CERTIFICATE OF SERVICE**

I, Anthony T. Eliseuson, an attorney, hereby certify that on May 30, 2008, I electronically filed the preceding with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

- **Michael Sharif Baig**
  mbaig@foley.com

- **Joanne Lee**
  jlee@foley.com

- **Jill L. Murch**
  jmurch@foley.com

　　　　　　　　　　　　　　　　　　　　/s/Anthony T. Eliseuson
　　　　　　　　　　　　　　　　　　　　Anthony T. Eliseuson