UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation established Pursuant to 12 U.S.C. §§ 1716 *et seq.*, ) ) ) ) | Case No. 08 CV 1976 |
| Plaintiff, ) ) | Honorable Charles R. Norgle |
| v. ) ) | Magistrate Judge Sidney I. Schenkier |
| KENNETH J. WISNIEWSKI, an individual, LILLIAN F. WISNIEWSKI, an individual, and EAGLE HOMES, LLC, an Illinois limited liability company, ) ) ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Kenneth J. Wisniewski ("Kenneth"), Lillian F. Wisniewski ("Lillian"), and Eagle Homes, LLC ("Eagle") (collectively "Defendants"), by and through their undersigned attorneys, for their Answer and Affirmative Defenses to the First Amended Complaint states as follows:

**Nature of Proceeding**

1.      Fannie May brings this action to enforce a certain Guaranty Agreement made by and among the Defendants on November 26, 2003 (the "Guaranty"), a true and accurate copy of which is attached hereto as Exhibit A.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the reasons why Fannie Mae[1] brought this suit, and deny that Fannie Mae is entitled to the relief sought in its Complaint; Defendants admit that a certain Guaranty Agreement was made by and among the Defendants and Fannie Mae on or about

---

[1] Defendants adopt the defined term of "Fannie Mae" contained in the Complaint to refer to Plaintiff Federal National Mortgage Association, a corporation established pursuant to 12 U.S.C. §§ 1716 *et seq.* ("Fannie Mae").

November 26, 2003 (the "Guaranty"), and that what appears to be a true and accurate copy of that Guaranty is attached to the Complaint as Exhibit A. Defendants deny any remaining allegations contained in Paragraph 1.

2. Fannie Mae further seeks a reasonable attorneys' fee and costs under the Guaranty

**ANSWER:** Defendants admit that Fannie Mae's Complaint purports to seek reasonable attorneys' fees and costs under the Guaranty, but Defendants deny that Fannie Mae is entitled to such attorneys' fees and costs under the Guaranty in this case. Defendants deny any remaining allegations contained in Paragraph 2.

## Parties

3. Fannie Mae is a federally chartered corporation with its headquarters and principal place of business in the District of Columbia pursuant to 12 U.S.C. § 1717(a)(2)(B).

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Defendants Kenneth and Lillian are citizens of Illinois. They reside, and for jurisdictional purposes are domiciled, at 21735 Brentwood, Lake Villa, Illinois 60046.

**ANSWER:** Defendants admit the allegations contained in Paragraph 4.

5. Eagle is an Illinois limited liability company with its principal place of business located at 303 Main Street, Suite 100, Antioch, Illinois 60002.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5.

6. Eagle has two members - Defendants Kenneth and Lillian - each of whom holds a 50% membership interest in Eagle.

**ANSWER:** Defendants admit the allegations contained in Paragraph 6.

## Jurisdiction and Venue

7. Pursuant to 28 U.S.C. § 1332(a)(1), the Court has diversity jurisdiction over this case because the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

**ANSWER:**    Defendants admit that this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a)(1).

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) because one of the Defendants resides in this District.

**ANSWER:**    Defendants admit venue is proper in this District.

9.    In addition, each of the Defendants consented "to the exercise of personal jurisdiction over it by the Courts of the States of Illinois and agrees that venue shall be proper in the United States District Court for the Northern District of Illinois . . . ." as provided by the Guaranty.  (Ex. A, at p. 5).

**ANSWER:**    Defendants admit that the Guaranty contains language that is similar to that quoted in Paragraph 9, but refer to the Guaranty for its true and complete contents, and deny any allegations that are inconsistent with the terms of the Guaranty.  Defendants deny any remaining allegations contained in Paragraph 9.

## Background Facts

10.    Fannie Mae restates and incorporates Paragraphs 1 through 10 of the Complaint as if fully stated herein.

**ANSWER:**    Defendants restate and incorporate their Answers to Paragraphs 1 through 9 of the Complaint as if fully stated herein.

11.    On or about March 15, 2005, Eagle Homes -- Prairie Springs, LLC (the "Borrower") and Fannie Mae entered into, *inter alia*, a certain Amended and Restated Promissory Note (the "Note") and a certain Amended and Restated Loan and Security Agreement ("the Loan Agreement"), true and accurate copies of which are attached hereto as Exhibits B and C, respectively.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 11, and admit that what appears to be a true and accurate copy of the Note and Loan Agreement (as defined by the Complaint) are attached to the Complaint as Exhibits B and C, respectively.

12.    Pursuant to the Note and the Loan Agreement, Fannie Mae made a credit facility available to the Borrower with an outstanding amount as of March 15, 2005 of $1,822,790.  As of February 1, 2008, the total amount due and owing to Fannie Mae under the Note is $1,764,482.00, which amount is comprised of principal and interest totaling $1,750,546.00 and

3

interest, as a default rate, from October 1, 2007 of $13,936.00.  In addition to this amount, interest continues to accrue at the default interest rate and expenses of collection, asset management fees, and other costs and expenses, including attorneys' fees, continue to be incurred.

**ANSWER:**    Defendants admit the allegations contained in the first sentence of Paragraph 12.  Defendants deny that they owe the amounts alleged in the second sentence of Paragraph 12, and deny that Fannie Mae is entitled to the items alleged in the third sentence of Paragraph 12.  Defendants deny any remaining allegations contained in Paragraph 12.

13.    Pursuant to the Guaranty, the Defendants fully, absolutely, unconditionally and irrevocably, and jointly and severally guaranteed the payment of certain obligations under the Note and the Loan Agreement, including, but not limited to, the full and prompt payment of all amounts due with respect to the Note as well as the observance and performance by the Borrower of all of the Borrower's obligations under the Note and the Loan Agreement (Ex. A, at p. 2).

**ANSWER:**    Defendants refer to the Guaranty for its true and complete contents, and deny any allegations contained in Paragraph 13 that are inconsistent with the terms of the Guaranty.  Defendants deny any remaining allegations contained in Paragraph 13.

14.    The Borrower has failed to make payment of the Asset Management Fee required by the Note.  Such failure constitutes an Event of Default under Section 6.1(a) of the Loan Agreement (Ex. C., at p. 11).

**ANSWER:**    Defendants deny that the Asset Management Fee was never paid.  Defendants admit that the Asset Management Fee has not been paid during certain time periods, but deny that the failure to pay such Fee at those times constitutes a default under the facts at issue in this case, and further state that the Affirmative Defenses alleged below bar any such default.  Defendants deny any remaining allegations contained in Paragraph 14.

15.    In addition, there has been an event of default under the Borrower's loans with the American National Bank of DeKalb County, which has not been cured within the applicable cure period (the "ANB" Default").  The ANB Default constitutes an Event of Default under Section 6.1(d) of the Loan Agreement (*Id.* at p. 11).

**ANSWER:** Defendants deny that they are in default with regard to the ANB loans, and further state that the ANB loans are subject to litigation pending the DeKalb County Circuit Court for the State of Illinois. Defendants refer to the pleadings in that case, including their Affirmative Defenses and Counterclaims. Defendants deny any remaining allegations contained in Paragraph 15.

16. The Borrower's obligations to Fannie Mae under the Note and the Loan Agreement are due and, pursuant to the Guaranty, the Defendants are liable to Fannie Mae for payment of the obligations under the Note and the Loan Agreement (Ex. A, at pp. 2-3).

**ANSWER:** Defendants deny the allegations contained in Paragraph 16.

17. On January 24, 2008, Fannie Mae issued a Notice of Default, Acceleration and Demand for Payment - Amended and Restated Promissory Note Dated as of March 15, 2005 (the "Demand Letter"), a true and accurate copy of which is attached as Exhibit D.

**ANSWER:** Defendants admit that the letter alleged above was sent on or about January 24, 2008, but deny that it properly declared any defaults and deny the allegations and conclusions contained in that letter. Defendants deny any remaining allegations contained in Paragraph 17.

18. The Defendants have not made any payment to Fannie Mae to reduce or satisfy the Borrower's obligations, and the Defendants have not satisfied their obligations under the Guaranty.

**ANSWER:** Defendants deny that they have not made any payments to Fannie Mae, Defendants admit that they have not yet fully repaid their obligations, but deny that such obligations are past-due. Defendants deny any remaining allegations contained in Paragraph 18.

19. The Defendants waived defenses with regard to presentment and demand for payment of any sum due from the Borrower and protest of nonpayment; notice of default by the Borrower; and demand for performance by the Borrower. (Ex. A., at p. 3).

**ANSWER:** Defendants refer to the Guaranty for its true and complete contents and deny any allegations contained in Paragraph 19 that are inconsistent with the terms of the Guaranty. Defendants deny any remaining allegations contained in Paragraph 19.

20. Pursuant to the Guaranty, Fannie Mae is entitled to recover from the Defendants all of the costs incurred by Fannie Mae related to the enforcement of the Defendants' obligations to Fannie Mae, including, but not limited to, attorneys' fees and expenses (Ex. A., at p. 3).

**ANSWER:** Defendants refer to the Guaranty for its true and complete contents and deny any allegations contained in Paragraph 20 that are inconsistent with the terms of the Guaranty. Defendants deny that Fannie Mae is entitled to recover costs incurred by Fannie Mae in this action because this action is without merit. Defendants deny any remaining allegations contained in Paragraph 19.

## COUNT I

### (Claim for Breach of Guaranty Agreement)

21. Fannie Mae restates and incorporates Paragraphs 1 through 21 of the Compliant as if fully stated herein.

**ANSWER**: Defendants restate and incorporate their Answers to Paragraphs 1 through 20 of the Complaint as if fully stated herein.

22. The Guaranty is a legally valid, binding and enforceable agreement.

**ANSWER:** Defendants deny the allegations contained in Paragraph 22.

23. Fannie Mae has performed all of its obligations under the Guaranty.

**ANSWER:** Defendants deny the allegations contained in Paragraph 23.

24. Defendants materially breached the Guaranty by failing to make any payment(s) to Fannie Mae to reduce or satisfy the Borrower's obligations under the Note and the Loan Agreement.

**ANSWER:** Defendants deny that they breached the Guaranty. Defendants deny any remaining allegations contained in Paragraph 24.

25. Defendants have no legally recognized justification or excuse for breaching the Guaranty.

**ANSWER:** Defendants deny the allegations contained in Paragraph 25.

26. As a direct and proximate result of Defendants' breach of the Guaranty, Fannie Mae has suffered damages in an amount no less than $1,764,482.00, exclusive of interest, fees and costs.

**ANSWER:** Defendants deny the allegations contained in Paragraph 26.

### AFFIRMATIVE DEFENSE

### First Affirmative Defense

Fannie Mae's Complaint alleges defaults based upon alleged defaults relating to the American National Bank of DeKalb County ("ANB") loans. Defendants incorporate their affirmative defenses and allegations from those lawsuits herein, including unclean hands, waiver, estoppel, and *pro tanto* discharge of Guarantees.

### Second Affirmative Defense

Fannie Mae's claims are barred by laches, estoppel, and waiver based on its prior conduct, statements, actions, or the prior conduct, statements, and actions of ANB.

### Third Affirmative Defense

The conduct or statements of Fannie Mae or ANB has caused a *pro tanto* discharge of the Guarantees.

### Fourth Affirmative Defense

The Complaint fails as a matter of law because Fannie Mae breached its duties and obligations to the Defendants.

**WHEREFORE,** Defendants Kenneth J. Wisniewski, Lillian F. Wisniewski, and Eagle Homes, LLC respectfully requests that this Court enter judgment in their favor and against Plaintiff Federal National Mortgage Association; award Defendants their costs, including reasonable attorneys' fees incurred in this lawsuit; and order such further relief that this Court deems necessary and proper.

Dated:  September 5, 2008	Respectfully submitted,


	/s/ Anthony T. Eliseuson
	One of the attorneys for Defendants

Robert E. Richards (ARDC #6199138)
Anthony T. Eliseuson (ARDC #6277427)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (fax)
*Attorneys for Defendants Kenneth J. Wisniewski,
Lillian F. Wisniewski, and Eagle Homes, LLC*

## **CERTIFICATE OF SERVICE**

      I, Anthony T. Eliseuson, an attorney, hereby certify that on September 5, 2008, I electronically filed the preceding with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

- **Michael Sharif Baig**
  mbaig@foley.com

- **Joanne Lee**
  jlee@foley.com

- **Jill L. Murch**
  jmurch@foley.com

      /s/Anthony T. Eliseuson
      Anthony T. Eliseuson