UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation established pursuant to 12 U.S.C. §§ 1716 *et seq.*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08 CV 1976 |
| KENNETH J. WISNIEWSKI, an individual; LILLIAN F. WISNIEWSKI, an individual; and EAGLE HOMES, LLC, an Illinois limited liability company, | ) ) ) ) ) | Hon. Charles R. Norgle |
| Defendants. | ) ) | |

## AFFIDAVIT OF GEORGE TRIPPE

I, George Trippe, upon being duly sworn, depose and state as follows:

1. I am currently employed as a Director of Asset Managment in the Community Investments Group of Federal National Mortgage Association ("Fannie Mae"), the Plaintiff in *Federal National Mortgage Association v. Wisniewski et al.*, Case No. 08 CV 1976. I am authorized to give this testimony, and I make this affidavit of my personal knowledge. If called upon as a witness, I would and could testify competently to the following:

2. On November 26, 2003, Eagle Homes – Prairie Springs, LLC (the "Borrower") executed a Loan and Security Agreement and a Promissory Note to Fannie Mae in the original principal amount of $1,633,600.

3. On November 26, 2003, Kenneth J. Wisniewski, Lillian F. Wisniewski and Eagle Homes, LLC (collectively, "Guarantors") executed a Guaranty Agreement ("Guaranty") in favor of Fannie Mae. A true and accurate copy of the Guaranty is attached as <u>Exhibit A</u> to Fannie Mae's Complaint.

4.   On March 15, 2005, the Borrower and Fannie Mae entered into a Restated Promissory Note (the "Note") and an Amended and Restated Loan and Security Agreement (the "Loan Agreement"), which amended and replaced the Original Loan Documents. True and accurate copies of the Note and the Loan Agreement are attached as <u>Exhibit B</u> and <u>Exhibit C</u>, respectively, to Fannie Mae's Complaint.

5.   By the terms of the Loan Agreement, the Guarantors reaffirmed the Guaranty, specifically guaranteeing the Borrower's performance of its obligations under the Note and Loan Agreement, as amended. (Loan Agreement § 2.2) The Guarantors each signed the Loan Agreement. (Loan Agreement at 16)

6.   Fannie Mae has met all of its obligations under the terms of the Note, Loan Agreement and Guaranty.

7.   As of June 12, 2009, the following amounts are due and owing to Fannie Mae under the terms of the Note and Guaranty (Guaranty § 2):

| **Payoff Amount 6/1/2009** | **Per Diem** | **Total** |
|---|---|---|
| Principal Advanced | | $1,822,790 |
| Release Payments Received | | (-$1,287,979) |
| Principal & Interest to achieve 26% internal return rate | | $1,310,946 |
| Default Interest from 10/1/2007 | | $95,351 |
| Late Fee (5%) | | $80,969 |
| Unpaid Asset Management Fees | | $23,750 |
| **Total Due** | **$     1,669.70** | **$2,045,827** |

8.   The $1,287,979 of "Release Payments Received" represent release payments that the Borrower paid to Fannie Mae upon the sale of each residential unit on the property, less

2

payments to American National Bank and other costs, as provided by the terms of the Note (Note ¶ 1).

9. The $1,310,946 of principal and interest was added to principal to provide a 26 percent internal rate of return to Fannie Mae, and was calculated using the XIRR function in Microsoft Excel, as provided by the terms of the Note (Note ¶ 2).

FURTHER AFFIANT SAYETH NOT.

GEORGE TRIPPE
_____

Subscribed and sworn to before me this ___ day of June, 2009.

_____
Notary Public

HARRIET L. COLES-WILLIAMS
Notary Public
Montgomery County, Maryland
My Commission Expires August 12, 2012

HARRIET L. COLES-WILLIAMS
Notary Public
Montgomery County, Maryland
My Commission Expires August 12, 2012

CHIC_4202259.1